IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| THOMAS CHENG, | |
| Plaintiff, | |
| v. | Civil Action No.: CBD-13-1365 |
| LAKEFOREST ASSOCIATES, LLC, et al., | |
| Defendants. | |

**MEMORANDUM OPINION**

Before this Court is Plaintiff's Motion to Compel Production of Videotape and for Associated Relief ("Motion to Compel") (ECF No. 51). The Court has reviewed the Motion to Compel, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS the Motion to Compel.

**I.  Background**

On August 1, 2010, Thomas Cheng ("Plaintiff") sustained bodily injuries when he slipped and fell on a wet common area aisleway at the Lakeforest Mall (the "Mall"). Am. Compl. ¶ 6–10. Plaintiff filed an Amended Complaint on July 1, 2013 against the Mall owner Lakeforest Associates, LLC ("Lakeforest"), its management Simon Management Associates, II, LLC ("Simon"), and its cleaning service Southeast Services Corporation d/b/a SSC Service Solutions ("SSC"). Am. Compl. ¶¶ 2–4.

On October 11, 2013, Plaintiff served his requests for production of documents and interrogatories on Lakeforest and Simon. Opp'n 6 (ECF No. 55).[1]  Surprisingly, SSC responded to Plaintiff's requests for the production of documents on February 18, 2014 and answered Plaintiff's interrogatories on March 5, 2014. *Id.*  On March 19, 2014, Plaintiff served a motion to compel on Lakeforest and Simon. *Id.* at 6, Ex. A.  Lakeforest and Simon responded to Plaintiff's requests for the production of documents on March 25, 2014, *id.* at 6, Ex. F, and served unexecuted answers to interrogatories on March 27, 2014, *id.* at 6–7, Ex. G.  On April 7, 2014, Lakeforest and Simon responded to Plaintiff's initial motion to compel. *Id.* at 7, Ex. D. On April 8, 2014, Lakeforest and Simon served executed answers to interrogatories. *Id.* at 7, Ex. H.

On April 18, 2014, Plaintiff filed his certificate of conference and the instant Motion to Compel with the Court, contending that Lakeforest and Simon failed to provide responsive answers and are withholding videotape evidence in bad faith. Mot. Compel 2, 4.

**II.    Discussion**

Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  However, courts must "balance various factors to determine just how much discovery is reasonable in a given case." *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 37 (D. Md. 2000).  Courts "consider both the importance of the discovery sought to the moving party, as well as the cost and burden to the producing party." *Id*.  Rule 26 and Discovery Guideline 10(e) of Local Rules Appendix A, "impose an affirmative duty on the objecting party to particularize with facts, not conclusory statements, the basis for" claiming

---

[1] Defendants are referring to page two of their Memorandum of Points and Authorities in Support.

unreasonable burden or expense in objecting to discovery. *Id.* at 38; Local Rule App. A, Guideline 10(e); *see also Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 498 (D. Md. 2000). Courts have "great flexibility to order only that discovery that is reasonable for a case, and to adjust the timing of discovery and apportion costs and burdens in a way that is fair and reasonable." *Marens*, 196 F.R.D. at 37–38.

Plaintiff notes deficiencies in the discovery responses of Lakeforest, Simon, and SSC (collectively "Defendants"). Mot. Compel 1–3. Plaintiff takes particular issue with Defendants' failure to produce videotape evidence and moves for reasonable costs associated with the preparation of the Motion to Compel. *Id.*

**A. Plaintiff Did Not Adhere to Local Rules 104.7 and 104.8, and Strict Compliance Shall Be Enforced in the Future**

Plaintiff alleges that he correctly prepared and served the initial motion to compel on all Defendants pursuant to Local Rules 104.7 and 104.8. Mot. Compel 1–3. Defendants counter that Plaintiff failed to file the initial motion to compel within the requisite thirty-day period, failed to address the initial motion to compel to all Defendants, and failed to adequately confer with Defendants in accordance with the Local Rules 104.7 and 104.8. Opp'n 10–12.

Local Rule 104.7 applies whenever a discovery dispute exists, requiring counsel to submit a Certificate of Conference before the Court will consider any discovery motion. For a select few discovery disputes "to which a response has been served," such as "motions to compel answers to interrogatories and requests for production or entry upon land," Local Rule 104.8 also applies. Local Rule 104.8 requires a party who is dissatisfied with the responses to his discovery requests and unable to resolve disputes informally (by written or oral communications), to serve a motion to compel on the opposing party within thirty days of his receipt of the discovery response. Local Rule 104.8(a) (D. Md.); *see also Doe v. Nat'l Hemophilia Found.*, 194 F.R.D.

516, 519–21 (D. Md. 2000).  The Court encourages counsel to confer with one another during the process, but requires counsel to confer with one another in a conference of counsel if they are unable to resolve their disputes "after serving upon one another all of the documents relating to the motion to compel."  *See* Local Rule 104.7, 104.8(b); *see also Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 655 (D. Md. 1997) ("The responding party then has [fourteen] days to serve the propounding party with a memorandum in opposition" to which the propounding party has fourteen days to respond and if this exchange does not resolve the dispute, "counsel must then confer with one another.").

If counsel fail to resolve their differences during the conference of counsel, the party seeking to compel discovery may move for a court order in the matter.  The movant must file a certificate of conference detailing specific information about his efforts to confer with the opposing party, including either (1) the date, time, place, and names of parties participating in the conference of counsel, *or* counsel's attempts to hold a conference of counsel without success; and (2) an itemization of the issues requiring resolution by the Court.  Local Rule 104.7, 104.8(c)(i) (D. Md.) (emphasis added); *see also Neilson v. Unum Life Ins. Co. of Am.*, No. CCB 11-3317, 2012 WL 4017825, at *2 (D. Md. Sept. 12, 2012) (particularizing the requirements of a certificate of conference).  In addition, the movant must append a copy of the motion to compel "previously served by the parties" under Rule 104.8(a).  Local Rule 104.8(c)(i).

Local Rule 104.8 does not apply to "motions to compel (a) answers to interrogatories or to requests for production or entry upon land where *no responses at all have been served*, (b) answers to deposition questions or (c) responses to discovery requests directed to a non-party."  These motions are filed with the Court, bypassing the need for service on the opposing party, and treated as any other non-discovery motion.

Defendants have registered several procedural disputes.  First, Defendants contend that the initial motion to compel Plaintiff served on Lakeforest and Simon on March 19, 2014 differs significantly from the instant Motion to Compel filed with the Court on April 18, 2014.  *See* Opp'n 11.  Defendants are correct and the Court should summarily dismiss the instant Motion to Compel on procedural grounds, because Rule 104.8(c) requires Plaintiff to append a copy of the motion to compel "previously served" on Defendants to his certificate of conference.  Local Rule 104.8(c)(i).  The instant Motion to Compel is entirely different from the initial motion to compel, importantly failing to include all of the names of the participating parties.  *See* Opp'n Ex. A.

Second, Defendants allege Plaintiff's March 19, 2014 motion to compel, which Plaintiff only served on Lakeforest and Simon, was untimely.  However, there is no indication in the briefings from the parties that Lakeforest or Simon ever responded to Plaintiff's October 11, 2013 discovery requests.  *See id.* at 6.  In the absence of extensions granted by Plaintiff, Lakeforest and Simon's discovery responses were due on November 14, 2013.  Since neither Lakeforest nor Simon provided discovery responses by the due date, Local Rule 104.8 did not apply and Plaintiff was free to file a motion to compel with the Court, bypassing service on Lakeforest and Simon, and to thereafter pursue a Conference of Counsel under Local Rule 104.7.  Lakeforest and Simon finally responded to Plaintiff's requests for the production of documents on March 25, 2014, and served executed answers to interrogatories on April 8, 2014.  If dissatisfied, Local Rule 104.8 required Plaintiff to serve a motion to compel on Lakeforest and Simon by April 28, 2014 regarding the production of documents and by May 8, 2014 regarding the answers to interrogatories.  *See* Local Rule 104.8(a).  Instead, Plaintiff filed the Motion to Compel directly with the Court on April 18, 2014, without having first served it on Lakeforest

and Simon and without availing himself of the opportunity that Local Rule 104.8 provides to solve certain discovery issues outside the auspices of the Court. Mot. Compel 4.

Third, a dispute exists as to whether the parties conferred sufficiently to comply with Rule 104.7. Plaintiff asserts that counsel for the parties engaged in discovery telephone conferences on both January 27 and March 21, 2014. *See* Mot. Compel Ex. 1. However, Defendants correctly note that neither of these dates occurs after the service of the Motion to Compel. *See* Opp'n 11; Local Rule 104.8(b). The process for Plaintiff's March 19, 2014 motion to compel was sufficiently complete when Lakeforest and Simon responded on March 25, 2014 for the production of documents, and on April 8, 2014 for the answers to interrogatories. For a conference of counsel to meet the requirements of Rule 104.7 and 104.8, it must have taken place *after* March 25, 2014 and April 8, 2014 respectively for each discovery request.

Plaintiff failed to adhere to Local Rules 104.7 and 104.8. Defendants are correct that the Court should summarily dismiss the instant Motion to Compel. However, because this is Plaintiff's first instance of error, the Court shall excuse Plaintiff's procedural failures. The Court will strictly enforce compliance with the Local Rules from all parties in the future.

**B. Lakeforest and Simon Possess the Requisite Control to Compel Production of the Videotape, and at a Minimum Were Required to Preserve the Videotape**

Plaintiff alleges that Lakeforest and Simon control a surveillance videotape capturing footage of the accident and requests that the Court compel them to produce it. Mot. Compel 1. Non-party Mydatt, an independent contractor formerly employed by Lakeforest to provide security and safety-related services to the Mall, is believed to be currently in physical possession of the videotape. *See* Mot. Compel Ex. 4. In their response to Plaintiff's Motion, Lakeforest and Simon contend they do not control the videotape and have no obligation to produce it. Opp'n 3.

Spoliation is the destruction of material evidence or the failure to preserve evidence that could be used in a pending or reasonably foreseeable litigation. *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001); *Sampson v. City of Cambridge*, 251 F.R.D. 172, 179 (D. Md. 2008). Spoliation is not a substantive claim or defense but a common law evidentiary rule that the trial court applies at its discretion. *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 449–50 (4th Cir. 2004); *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 155 (4th Cir. 1995).

Under the doctrine of spoliation, parties have a duty to preserve (including a duty to not destroy) evidence when litigation is filed or becomes reasonably anticipated. *Goodman v. Praxair Services, Inc.*, 632 F. Supp. 2d 494, 509 (D. Md. 2009). To fulfill its duty to preserve relevant evidence, "[o]nce a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." *Id.* at 511. If a party cannot fulfill its duty to preserve because it does not "own" or "control" the evidence within the meaning of Federal Rule of Civil Procedure 34, the party nevertheless has an obligation to provide the opposing party with notice of access to the evidence or of the possible destruction of the evidence if the party anticipates litigation involving that evidence. *Silvestri,* 271 F.3d at 591. This Court has broadly construed the term "control" as the legal right, authority, or practical ability to obtain the materials sought on demand. *Steele Software Sys., Corp. v. DataQuick Info. Sys., Inc.*, 237 F.R.D. 561, 564 (D. Md. 2006). The duty to preserve evidence is one owed to the court, not to opposing parties, which is why there is no independent tort of spoliation in this jurisdiction. *See Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 525 (D. Md. 2010); *Sampson*, 251 F.R.D. at 179.

Here, Mydatt provided a detailed accident report to Lakeforest and Simon immediately following the incident. *See* Mot. Compel Ex. 3. The report indicated that Unit 1 Camera #10 of Mydatt's surveillance system partially captured the accident, Mot. Compel Ex. 3, which Mydatt maintained pursuant to a contract with Lakeforest. Mot. Compel Ex. 4, at 3–4. As such, the Court finds that Lakeforest and Simon were both aware that surveillance footage of the accident existed and possessed the practical ability to access it on demand. On August 19, 2010, Plaintiff's counsel contacted Lakeforest and Simon to request that the surveillance tape be preserved for the purpose of litigation. *See* Mot. Compel Ex. 6. Accordingly, Lakeforest and Simon should have reasonably anticipated litigation and should have been aware of the tape's relevance to Plaintiff's claim. The Court concludes that Lakeforest and Simon had a duty to preserve (as well as a duty not to destroy) the surveillance videotape.

The Court also remains unconvinced by Lakeforest and Simon's assertion that they do not currently possess the requisite control necessary to compel production of the videotape. Caselaw demonstrates that a contractual relationship between two parties, which privies one party to access documents or information physically possessed by the other, can be sufficient to establish the requisite control necessary to compel production of a discovery-related document. For example, the Court in *Fisher v. Fisher* concluded that, as a bank account holder, the defendant had the requisite right or practical ability to obtain requested financial documents from the non-party financial institution, thus warranting a court order compelling production of the documents. 2012 WL 2050785, at *6 (D. Md. June 5, 2012). Similarly, in *Lynn v. Monarch Recovery Management, Inc.*, the Court found that the defendant's contracted status as an account holder with a non-party telephone carrier entitled him to the "right, authority, or practical ability" to obtain an itemized telephone bill from the carrier, thus warranting a court order compelling the

defendant's production of the bill. 285 F.R.D. 350, 361 (D. Md. 2012). Here, Lakeforest's former contractual relationship with Mydatt establishes sufficient control over security-related information documents possessed by Mydatt to compel Lakeforest and Simon to produce the videotape. The Court shall not require Plaintiff to incur expenses subpoenaing Mydatt for the videotape that Defendants were under legal obligation to preserve and over which they possess sufficient control.

**III. Conclusion**

For the foregoing reasons, the Court GRANTS the Motion to Compel and orders Lakeforest and Simon to produce the requested videotape evidence.

June 30, 2014                                             /s/
                                                 Charles B. Day
                                                 United States Magistrate Judge

CBD/slr/ccj/ktl