IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| THOMAS CHENG, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: CBD-13-1365 |
| LAKEFOREST ASSOCIATES, LLC, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \*

## <u>MEMORANDUM OPINION</u>

Before this Court is Defendants, Lakeforest Associates, LLC and Simon Management Associates, II, LLC's, Motion for Summary Judgment (the "Motion") (ECF No. 73). The Court has reviewed the Motion, related memoranda, and applicable law. No opposition has been filed and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court **DENIES** the Motion.

## I.    Factual and Procedural Background

According to his Amended Complaint, on August 1, 2010, Thomas Cheng ("Plaintiff") slipped and fell on a thin film of liquid on a public walkway in the Lakeforest Mall. ECF No. 23. Plaintiff alleges, and provides photographic evidence to suggest, that the thin film was left by a Zamboni like cleaning machine and that there were no "caution" or "wet floor" signs in the vicinity of the film. He further alleges that he sustained substantial hand and wrist injuries necessitating surgeries and forcing him to take time off of work. According to the Amended

Complaint and materials provided in discovery, Lakeforest Mall was to remain open until 7 p.m. on August 1, 2010, and this injury occurred at 6:30 p.m., during mall open hours.[1]

Plaintiff filed the Amended Complaint against Southeast Service Corporation ("SSC") (a subcontractor responsible for cleaning the mall), Lakeforest Associates, LLC ("Lakeforest") (the property owner), and Simon Management Associates II, LLC ("Simon Management") (the property manager). The Motion is brought by Lakeforest and Simon Management (collectively "Defendants"). Prior to the alleged slip and fall, Lakeforest and SSC signed a Continuing Service Agreement (the "CSA") in which SSC agreed to provide cleaning services for Lakeforest Mall. ECF No. 81 (filed under seal).[2] Pursuant to the CSA, Lakeforest and SSC were to "coordinate a plan of action to clean the building, including holiday and school vacation periods," and to "meet weekly" to "set weekly labor hours." *Id.*, at p. 13. Lakeforest retained the right to reduce or add to SSC's hours as necessary. *Id.*

In his Amended Complaint, Plaintiff alleges that Defendants were negligent in failing to properly supervise SSC's cleaning; permitting floor cleaning operations at the mall during business hours; allowing SSC to engage in unsafe practices and procedures; failing to ensure visible warnings of fall hazards; hiring a company with inadequately trained and supervised staff; and failing to eliminate the fall hazard. ECF No. 23. Defendants now move for summary judgment.

## II.    Standard of Review

Under the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

---

[1] While Defendants indicated in the Motion that "the Mall closed at 6:00 p.m. on the date of the Occurrence," they provided no support for this contention and it was therefore not considered. ECF No. 73.
[2] The CSA has not been properly authenticated. However, because Plaintiff has relied on the CSA for his claims and Defendants have relied on the CSA in their defenses, this Court will treat it as authenticated for the purposes of ruling on the Motion.

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute is deemed genuine only if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is deemed material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Supreme Court has explained that the burden of proof lies with the movant to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).  A court reviewing a motion for summary judgment must view the evidence in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Plaintiff claims Defendants were negligent.  Thus, to win on summary judgment, Defendants must prove that there are no genuine disputes as to any facts material to a determination of negligence, and, viewing the facts in the light most favorable to Plaintiff, that Defendants are entitled to judgment as a matter of law that they were not negligent.  To maintain an action in negligence, the plaintiff must assert 1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant breached that duty, 3) that the plaintiff suffered actual injury or loss, and 4) that the loss or injury proximately resulted from the defendant's breach of the duty. *Moore v. Gimmel, Inc.*, 809 A.2d 10, 11 (Md. Ct. Spec. App. 2002). Defendants concede that Plaintiff was injured, but claim that they did not have a duty to protect Plaintiff; if they did, they did not breach it; and their actions did not cause Plaintiff's injury.

**III.     Discussion**

   **a) Defendants had a non-delegable duty to keep their premises safe for business invitees.**

Defendants argue that because SSC was an independent contractor, SSC alone should be liable for any injury stemming from its negligence in cleaning the mall.  In other words, they argue that SSC, alone, had a duty to protect Plaintiff from the conduct leading to the injuries claimed here.  Generally, "the existence of a legal duty is a question of law to be decided by the court."  *Moore*, 809 A.2d at 11.  In Maryland, "[t]he general rule is that the employer of an independent contractor is not liable for the negligence of the contractor or his employees."  *Parker v. Neighborhood Theatres, Inc.*, 547 A.2d 1080, 1082 (Md. Ct. Spec. App. 1988).  This general rule is subject to three broad exceptions: 1) negligence of the employer in selecting, instructing or supervising the contractor, 2) non-delegable duties of the employer arising out of some relation toward the public or the particular plaintiff, and 3) work which is specially, peculiarly, or inherently dangerous.  *Id.*  As this Court has explained, "[u]nder Maryland law, an owner of land owes a nondelegable duty to those who may come upon their land, the nature and extent of which is fixed by the status of the person claiming it."  *Lumpkins v. U.S.*, 187 F. Supp. 2d 535, 540 (D. Md. 2002).  The Maryland Court of Special Appeals has explained that "[t]he highest duty is owed to a business invitee, defined as one invited or permitted to enter another's property for purposes related to the landowner's business."  *Tennant v. Shoppers Food Warehouse Md. Corp.*, 693 A.2d 370, 374 (Md. Ct. Spec. App. 1997) (citations omitted).  This duty requires the "exercise [of] reasonable care to protect the invitee from injury caused by an unreasonable risk that the invitee would be unlikely to perceive in the exercise of ordinary care for his or her own safety, and about which the owner knows or could have discovered in the exercise of reasonable care."  *Id.*  The duty thus includes "the obligation to warn invitees of

known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers." *Id.*  It "is not performed by an attempted delegation of it to a third party." *Norris v. Rose Stores, Inc*, 859 A.2d 266, 273 (Md. Ct. Spec. App. 2004) (citations omitted). After such an attempted delegation, the property owner remains liable because of "the right of . . . an invitee to assume that [the] premises [are] in a reasonably safe condition for her visit." *Id.*

Plaintiff claims that he slipped and fell on the mall floor.  Answer to Interrog. No. 6, Plaintiff's Answers to Defendant Southeast Service Corporation's Interrogatories, ECF No. 73, Ex. A (hereinafter "Plaintiff's Answers to Interrog.").  Plaintiff also provides evidence, from the CSA, that the Mall was open for "normal business" until 7 p.m. on Sundays, suggesting it was open at the time of the fall.  ECF No. 81, p. 18 (filed under seal).  Taking the facts in the light most favorable to Plaintiff, this Court finds that Plaintiff was a business invitee and Defendants had a non-delegable duty to warn Plaintiff of non-obvious dangers about which Defendants knew or should have known.  Defendants also had a duty to take reasonable precautions to protect Plaintiff against any such unreasonable risks.  Defendants' delegation of cleaning responsibilities to a subcontractor does not negate their liability for any unreasonable and non-obvious dangers on their premises stemming from the conditions of their floors.  Defendants are not entitled to judgment as a matter of law on the question of duty.

**b) Genuine disputes as to material facts exist regarding the determination of breach.**

As noted previously, Defendants owed a non-delegable duty to exercise reasonable care to protect Plaintiff from or at least warn Plaintiff of non-obvious dangers.  Plaintiff's breach theories are that Defendants either set mall cleaning and open hours to overlap, creating an unreasonable risk to invitees and/or failed to provide warnings of wet conditions caused by the cleaning.

Regarding the first theory, Plaintiff provides evidence that Defendants were responsible for setting the hours during which SSC cleaned the mall.  The CSA states that to schedule the cleaning hours, SSC and Lakeforest were to "coordinate a plan of action to clean the building, including holiday and school vacation periods," and to "meet weekly" to "set weekly labor hours."  ECF No. 81, p. 13 (filed under seal).  The CSA further states that Lakeforest retained the right to reduce or add to SSC's hours as necessary.  *Id.*  Based on the CSA, Plaintiff suggests that the mall was open until 7 p.m. on the day in question.  *Id.* at p. 18.  Plaintiff provides deposition testimony by a Lakeforest employee that SSC employees had a two hour shift to clean the mall which ended at 8 p.m., requiring them to begin cleaning at 6 p.m.  Deposition of Senaka Samarayanake, p. 47, lines 8-20, ECF No. 79, Ex. E (hereinafter "Samarayanake Dep.").  This suggests that Defendants knew or should have known that cleaning would occur during business hours.  He also echoed Plaintiff's allegation that the fall occurred at 6:30 p.m.  *Id.*, at p. 55, lines 17-21.  Taken together, and viewed in the light most favorable to Plaintiff, this evidence makes clear that there are disputes as to material facts related to Plaintiff's first theory of breach of the duty of care.

Regarding the theory that Defendants failed to adequately warn Plaintiff of a non-obvious danger, Plaintiff provides answers to interrogatories in which he alleges that the area where he slipped and fell was not obviously wet, and that the area lacked "caution" or "wet floor" signs.  Plaintiff's Answers to Interrogs. Nos. 6 and 14.  Employee testimony similarly suggested that there were no "wet floor" signs in the vicinity of the fall.  Samarayanake Dep., p. 40, lines 2-5.  Viewed in the light most favorable to Plaintiff, this evidence makes clear that there are disputes as to material facts related to a breach of the duty to warn.  Accordingly, Defendants are not entitled to a judgment as matter of law on the issue of breach.

**c)  Genuine disputes as to material facts exist regarding causation.**

Defendants argue that their actions did not cause Plaintiff's injury.  Plaintiff provides testimony that he injured his wrist when it hit the floor as a result of slipping on a wet spot on the mall floor.  Plaintiff's Answers to Interrogs. Nos. 6 and 10.  Plaintiff also provides an employee generated accident report showing that Plaintiff showed "visible signs of injury" to his "left wrist and knee" at the scene of the "Slip and Fall."  ECF No. 79-1.  Inasmuch as Defendants might argue that the wet spot came from another source, Plaintiff provides the employee deposition, which suggested that there was "a thin film of water on the floor" near Plaintiff's fall zone which was likely left by "a Zamboni" like cleaning machine owned and used by SSC.  Samarayanake Dep., p. 45, lines 4-18.   Reviewing these facts in the light most favorable to Plaintiff, this Court finds Defendants are not entitled to judgment as a matter of law on the issue of causation.

**IV.     Conclusion**

For the foregoing reasons, the Court **DENIES** Defendants' Motion.


December 11, 2014                                    _____/s/_____
                                                     Charles B. Day
                                                     United States Magistrate Judge


CBD/sdh