IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| THOMAS CHENG, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: CBD-13-1365 |
| LAKEFOREST ASSOCIATES, LLC, et al., | * | |
| Defendants. | * | |

******

## MEMORANDUM OPINION

Before this Court is Defendant, Southeast Service Corporation D/B/A SSC Service Solutions' Motion to Strike Plaintiff's Supplemental Answers to Defendant Southeast Service Corporation's Interrogatories (the "Motion") (ECF No. 71). The Court has reviewed the Motion, related memoranda, and applicable law. No hearing is deemed necessary. See Local Rule 105.6 (D. Md.). For the reasons set forth below, the Court **DENIES** the Motion and **ORDERS** Plaintiff to submit an affidavit of counsel as explained below.

I. **Factual and Procedural Background**

According to his Amended Complaint, on August 1, 2010, Thomas Cheng ("Plaintiff") slipped and fell on a thin film of liquid on a public walkway in the Lakeforest Mall. ECF No. 23. Plaintiff alleges that the liquid was left by a Zamboni like cleaning machine used by Southeast Service Corporation ("SSC" or "Defendant"). He claims that Defendant failed to provide a "caution" or "wet floor" sign in the vicinity of the film. Finally, he asserts that due to

the slip-and-fall, he sustained substantial hand and wrist injuries necessitating surgeries and forcing him to take time off of work.

Pursuant to this Court's granting of a consent motion to extend discovery, all discovery in this case was to be completed by September 2, 2014.  ECF No. 66.  Defendant served Plaintiff with interrogatories on September 27, 2013.[1]  These included an interrogatory that asked Plaintiff, "[i]f you contend that this party knew or should have known of the existence of any alleged defect or hazardous condition on the premises, state all facts and identify all witnesses and documents in support of your contention."  Interrog. No. 15, Planitiff's Answers to Defendant Southeast Service Corporation's Interrogatories, ECF No. 71-1 (hereinafter "Initial Answers").[2]  Plaintiff served his answers on November 22, 2013.  He subsequently filed supplemental answers to the interrogatories on September 2, 2014.  Plaintiff's Supplemental Answers to Defendant Southeast Service Corporation's Interrogatories, ECF No. 71-2 (hereinafter "Supplemental Answers").  The Supplemental Answers included a more detailed answer to Interrogatory No. 15 in which Plaintiff alleged for the first time that "Southeast and its co-Defendants were on formal notice of the hazardous condition of the Mall's wet floors" due to a "September 5, 2009 fall incident in which Mary Ganeous sustained serious injuries."  Supplemental Answers, No. 15.  Plaintiff's Supplemental Answers also included an incident report related to the slip-and-fall in 2009.  Supplemental Answers, Ex. D.

---

[1] While Defendant has not provided a certificate of service, Defendant alleges in the Motion that service was effected on September 27, 2013.  Plaintiff does not contest this in its response.  Thus, this Court will accept as true that service was effected on September 27, 2013, for the purposes of ruling on the Motion.

[2] While Defendant has not provided the original interrogatories, Defendant has provided Plaintiff's Answers to Defendant Southeast Service Corporation's Interrogatories which includes the interrogatories initially posed.

Defendant argues that Plaintiff unfairly withheld the evidence contained within the Supplemental Answers. Defendant also argues that the Supplemental Answers improperly introduce a new theory of liability at too late a date. Although these claims stem only from Plaintiff's supplemental answer to Interrogatory No. 15, Defendant nonetheless moves for this Court to strike the Supplemental Answers in their entirety.

**II.     Standard of Review**

Under the Federal Rules of Civil Procedure, parties in civil suits are under a continuing obligation to supplement answers to interrogatories "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). In addition, if a party learns their previous answers were incomplete or incorrect and fails to supplement their answers, "the party is not allowed to use [the new] information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To determine whether a party's non-disclosure was harmless, a district court sitting in the Fourth Circuit reviews "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Russell v. Absolute Collection Services, Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014).

**III.   Discussion**

    **a) Based on the available evidence, this Court finds that Plaintiff provided supplemental answers in a timely manner.**

Defendant argues that because Plaintiff filed his Supplemental Answers on the last day of discovery, "it appears clear" that Plaintiff waited to provide the incident report and documents related to Defendant's prior litigation to Defendant resulting in prejudice to Defendant. The Motion 3-4. Defendant provides no other evidence for this contention. While Plaintiff's service on the last day of discovery warrants scrutiny, it does not, in and of itself, provide a conclusive basis for striking the new discovery provided. Defendant has provided no evidence that Plaintiff had knowledge or possession of the 2009 Incident Report at some time long before production. Moreover, Plaintiff provided the Supplemental Answers at the close of discovery, and well before trial (as no trial date has been set).

    **b) Plaintiff is ordered to explain when and how he obtained the 2009 Incident Report.**

Notably, Plaintiff does not state in his Reply when he became aware of the prior incident, or when or how he gained possession of the incident report. It is thus unclear whether a non-disclosure, in the meaning of Federal Rule 26(e), has occurred. This Court therefore orders Plaintiff to submit an affidavit of counsel setting forth when and how he obtained the 2009 report of the previous slip and fall incident. The Court will review this affidavit and decide if Defendant is entitled to an additional period of discovery and/or if Defendant is entitled to other relief.

c) **Even if Plaintiff violated Rule 26(e), this Court does not find that such violation was harmful.**

As noted previously, even if a party violates Federal Rule 26(e) by failing to supplement answers to interrogatories in a timely manner, this Court may admit the new information contained in the supplemental answers if it finds that the delay was "harmless." Fed. R. Civ. P. 37(c)(1). This Court assesses harmlessness by looking to "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Russell v. Absolute Collection Serv., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014). Defendant claims that the Supplemental Answers are harmful in that they prejudice Defendant by surprising it with a new theory of liability and new facts at too late a date.

1) **The Supplemental Answers do not create an unfair surprise.**

While Defendant has argued that it is surprised by the introduction of a new theory of liability, Plaintiff's theory of liability in the Supplemental Answers is identical to his theory of liability in his Amended Complaint—he argues that he was injured due to Defendant's allegedly unsafe cleaning procedures and that Defendant knew or should have known its procedures were unsafe. The 2009 Incident Report only provides additional support for this theory. The 2009 Incident Report is part of the lawsuit filed in the state court, wherein Defendant is a named party, Defendant cannot be surprised by information it already possesses. Defendant presumably reviewed the 2009 Incident Report in discovery in the collateral case. Because this Court does not find unfair surprise, there is no need to review the extent to which such surprise can be cured.

### 2) The Supplemental Answers will not disrupt the forthcoming trial.

Defendant received Plaintiff's Supplemental Answers with sufficient time to prepare for trial, which has not yet been scheduled. This Court therefore finds it hard to appreciate how Defendant has been prejudiced by Plaintiff's allusion to the 2009 Incident Report and related lawsuit. Because the Supplemental Answers do not create unfair surprise or disrupt the forthcoming trial, this Court does not find that the timing of their provision to Defendant was harmful.

### 3) The Supplemental Answers provide important evidence.

According to the 2009 Incident Report included in the Supplemental Answers, Ms. Ganeous slipped and fell in an area where there was "[s]ome water left behind after the floor scrubber had gone past." Supplemental Answers, Ex. D. The incident report also indicates that among the "[a]ction[s] taken to prevent injury" was the placement of "wet floor signs" which "some children moved." *Id.* This evidence speaks to Defendant's knowledge of a potential risk to invitees and knowledge of its duty to provide warnings regarding that risk. Both pieces of evidence are relevant to the central inquiry in this negligence case: did Defendant breach its duty of care by creating unsafe conditions and/or failing to warn Plaintiff of unsafe conditions. Because the Supplemental Answers provide important evidence, this Court finds the Supplemental Answers to be harmless.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's Motion and **ORDERS** Plaintiff to provide an affidavit of counsel indicating when and how he received the 2009 incident report.


January 13, 2015                                              /s/
                                                      Charles B. Day
                                                      United States Magistrate Judge

CBD/sdh